# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JERRY RAY POTTS,<br><br>        Petitioner,<br><br>       v.<br><br>ORANGE COUNTY SHERIFF,<br><br>        Respondent. | No. SA CV 11-1084-AG (PLA)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner has filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. The Petition indicates that petitioner is currently incarcerated. The Court has reviewed the Petition and finds that amendment is necessary because (1) petitioner fails to clearly indicate that the Petition contains exhausted claims, and (2) petitioner fails to clearly explain his grounds for habeas relief as well as the facts supporting each ground.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner is indicating that he filed a direct appeal of his conviction by writing a letter to the California Court of Appeal. (See Petition at 2, 2c). In the section of the habeas form that asks for the date of the decision of the direct appeal, petitioner states: "No sentence modification 8/10." In the section that asks for the result of the appeal, petitioner states: "I was told it is to[o] late. Do my time by the public defender." (Petition at 3). Additionally, petitioner indicates that he filed a petition for review in the California Supreme Court. In the section of the form that asks for a list of the grounds raised, petitioner states that he "sent a 6 pg. or 4 pg. letter same as I sent [the] United States District Court." (Petition at 3). In the sections that ask for the date of decision and result, petitioner states: "I was sentenced to 2 years state time 7/5/11." (Petition at 3). Petitioner also completed the section of the form that asks, in the event a petitioner did not appeal, for the reasons why no appeal was filed. Petitioner states: "I verba[l]ly stated I was sente[n]ced to the death penalty I felt for 3 DUIs and gave me a probation violation

| 1 | . . . and was sentenced with no remorse." (Petition at 3). Petitioner indicates that he did not file |
| 2 | any state habeas petitions. (Petition at 3). |

Based on the above, it appears that petitioner did not file a direct appeal in the California Court of Appeal or a petition for review in the California Supreme Court, but rather simply sent letters to the respective courts. There is no indication in the record how the California courts construed the letters, or what information was contained in their contents. Thus, there is no indication based on the information provided in the Petition that petitioner has fulfilled the exhaustion requirement. This is especially true as petitioner indicates he was sentenced on July 5, 2011 -- just three weeks ago. It is hard to imagine that he was able to exhaust his state court remedies in connection with his conviction and sentence in that short time period of time. Accordingly, the Court concludes that petitioner has failed to demonstrate that he has exhausted available state remedies with respect to any of his claims.

The Court further observes that petitioner has failed to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases, which provides that a habeas petition must specify all the grounds for habeas relief as well as the facts supporting each ground. See Rule 2(c), 28 U.S.C. foll. § 2254. A petitioner is required to set forth a "detailed statement" explaining his habeas claims. See Mayle v. Felix, 545 U.S. 644, 649, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) ("Rule 2(c) . . . requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"); see also McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Habeas corpus petitions must meet heightened pleading requirements[.]").

In the Petition, it appears that petitioner states the following grounds for relief:

1. "I wrote letters to Central Courts Supreme [and] State and spoke out [loud] to courts . . . and also wrote letters to public defenders in Westminster Court and Central Court." (Petition at 5).

2. "I spoke out loud when I was sentenced to 2 years [] time. . . . I have served the S[h]eriff's Dept. Sept. 2010 for the la[s]er in the eyes with witnesses . . . ." (Petition at 5a).

3. "Adam with Westminster Courts knows about Lind [and] Duran actions. Last year in Aug. 2010 I tried to get a[n] early release according to [the] prisoner handbook for housing prisoners[.] . . . I received no answer[.] They just laughed at me." (Petition at 5a).

4. "I was not given a breath[alyzer] for 3 DUI convictions and arrests[.] [California Penal Code §§] 10053 [and] 10054 . . . not followed[.] The Court could not convict me therefore I would not have any probation violation to [Penal Code] 1000 agreement [and] due to negl[igence] I have HIV . . . ." (Petition at 5b).

5. "I am being held because of a blood test given in a Garden Grove jail cell with alcoh[o]l in the blood and I drank the day before and was not drunk at the time of arrest because no breath[alyzer] was used . . . ." (Petition at 5c).

Based on the above, the Court finds the grounds for relief are not sufficiently stated. Petitioner has failed to clearly explain the legal basis or the supporting facts of the claims, and even liberally construed, the Court cannot discern what violations petitioner is asserting. Additionally, petitioner does not explain how he is being held in violation of the Constitution, laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). For these reasons, the Court concludes that none of the claims in the Petition meet the standard set forth in Rule 2(c) requiring a statement of specific grounds and facts.

For these reasons, the Court concludes that amendment is appropriate. Accordingly, IT IS ORDERED that the Petition is dismissed with leave to amend. **Petitioner shall, no later than August 20, 2011, file an Amended Petition. The Amended Petition should clearly contain the words "AMENDED PETITION."** <u>The Amended Petition must be completely filled out</u> and (1) clearly indicate whether petitioner has exhausted his claims in the state courts, and (2) clearly indicate the specific grounds for relief and supporting facts on which petitioner seeks habeas relief.[1]

---

[1] The Court further advises petitioner that a writ of habeas corpus is the appropriate federal remedy only for challenges to the fact or duration of confinement, and where the relief

4

1       IT IS FURTHER ORDERED that if an Amended Petition remedying the above deficiencies is not received by August 20, 2011, dismissal of the instant Petition will be recommended for failure to prosecute and failure to comply with this Order and governing case law.

DATED: July 27, 2011

*/s/ Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

sought is a determination that the prisoner is entitled to either an immediate or speedier release from imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also Docken v. Chase, 393 F.3d 1024, 1028-29 (9th Cir. 2004). Challenges concerning the conditions of a prisoner's confinement and prison life must be brought in a civil rights claim pursuant to 42 U.S.C. § 1983 providing the challenge would not, if successful, accelerate the prisoner's release. Preiser, 411 U.S. at 499; Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In short, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez, 334 F.3d at 859. Thus, to the extent petitioner has any claims that only concern the conditions of his prison life and would not, if successful, have any bearing on the duration of his sentence, such claims should be brought in a civil rights action and not in a habeas petition.