UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JERRY RAY POTTS,<br><br>            Petitioner,<br><br>        v.<br><br>WASCO STATE PRISON,<br><br>            Respondent. | No. SA CV 11-1084-AG (PLA)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

       On July 20, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. Upon reviewing the Petition, the Magistrate Judge concluded that amendment was necessary because (1) petitioner failed to clearly indicate that the Petition contained exhausted claims, and (2) petitioner failed to clearly explain his grounds for habeas relief as well as the facts supporting each ground. On July 27, 2011, the Magistrate Judge issued an order dismissing the Petition with leave to amend to correct the foregoing deficiencies.

       On August 15, 2011, petitioner filed a First Amended Petition ("FAP"). Petitioner states in the FAP that he was convicted of a "DUI" on July 5, 2011, and is currently serving a two-year

sentence at Wasco State Prison in Wasco, California. (FAP at 2). The Court has reviewed the FAP and concludes that petitioner has again failed to demonstrate that his claims are exhausted.[1]

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

---

[1] Along with the FAP, petitioner filed a letter addressed to the Magistrate Judge. In the letter, petitioner asks for leniency on account of his limited education, and also expands on his claims raised in the FAP.

Here, petitioner indicates that he has filed a direct appeal in the California Court of Appeal, but does not provide the case number. As for the result of the appeal, petitioner indicates that he has received "no answer." (FAP at 2-3). Petitioner also indicates that he filed a petition for review in the California Supreme Court, but does not provide a case number. In the section of the form that asks for the grounds raised in the petition for review, petitioner states that he wrote a letter to the California Supreme Court. As for the date of decision, petitioner states that he has received "no answer." (FAP at 3). In the section of the form that asks if petitioner has previously filed any state habeas petitions, petitioner gives the case number of the instant federal habeas proceeding, and states that he sent letters to the "Central Court Santa Ana" but has received "no answer." (FAP at 3).

Based on the above, it appears that petitioner did not file a direct appeal in the California Court of Appeal or a petition for review in the California Supreme Court, but rather simply sent letters to the respective courts.[2] There is no indication in the record how the California courts construed petitioner's letters, or what information was contained in their contents. Thus, there is no indication based on the information provided in the FAP that petitioner has fulfilled the exhaustion requirement. This is especially true as petitioner states that he was convicted and sentenced on July 5, 2011, less than two months ago. (FAP at 2). It is difficult to imagine that he was able to exhaust his state court remedies in connection with his conviction and sentence in that period of time. Accordingly, the Court concludes that petitioner has failed to demonstrate that he has exhausted available state remedies with respect to any of his claims.[3]

---

[2] The Court notes that in his original Petition, petitioner had indicated that he filed a direct appeal of his conviction by writing a letter to the California Court of Appeal. (See Petition at 2, 2c).

[3] The Court further advises petitioner that a writ of habeas corpus is the appropriate federal remedy only for challenges to the fact or duration of confinement, and where the relief sought is a determination that the prisoner is entitled to either an immediate or speedier release from imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also Docken v. Chase, 393 F.3d 1024, 1028-29 (9th Cir. 2004). Challenges concerning the conditions of a prisoner's confinement and prison life must be brought in a civil rights claim pursuant to 42 U.S.C. § 1983 providing the challenge would not, if successful, accelerate the prisoner's release. Preiser, 411 U.S. at 499; Ramirez v. Galaza, 334 F.3d 850, 859
(continued...)

Because petitioner has already been given the opportunity by way of amendment to demonstrate to the Court that he has fulfilled the exhaustion requirement, yet failed to provide any information in the FAP showing that he in fact exhausted his present claims by filing a direct appeal, petition for review, or any state collateral challenge, the Court finds that dismissal of the FAP without prejudice is appropriate.

IT IS THEREFORE ORDERED that the First Amended Petition is **dismissed without prejudice** for failure to exhaust available state remedies.

DATED: August 30, 2011

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

³(...continued)
(9th Cir. 2003). In short, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez, 334 F.3d at 859. Thus, to the extent petitioner has claims that only concern the conditions of his prison life and would not, if successful, have any bearing on the duration of his sentence, such claims should be brought in a civil rights action and not in a habeas petition.